**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
ReNika Moore (RM 3484)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 16 2007 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERTRUDE WILLIX, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHFIRST, INC.,<br><br>Defendant. | CV 07 1143<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**VITALIANO, J.**<br><br>**REYES, M.J** |

Plaintiff Gertrude Willix ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys Outten and Golden LLP, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Health First, Inc. ("Health First") is a health maintenance organization ("HMO") that contracts with state and local governments to provide managed care to Medicaid-eligible New Yorkers. The governments pay HealthFirst for every member HealthFirst enrolls.

2. HealthFirst deploys marketing representatives to low-income neighborhoods to enroll eligible individuals in the Medicaid program. These marketing representatives, who often make little more than the Medicaid recipients they recruit, work long hours canvassing low-

1

income neighborhoods trying to meet aggressive quotas HealthFirst imposes on them. In order to get credit for individuals they enroll, the marketing representatives must ensure that the individuals' applications (including back-up documentation) are complete. As part of the Medicaid enrollment process, marketing representatives must spend significant time following-up with enrollees and collecting and copying documents demonstrating the enrollees Medicaid eligibility.

### *Wage and Hour Violations*

3. It is HealthFirst's policy to deprive its marketing representatives, including Plaintiff, of overtime wages to which the law entitles them.

4. Upon information and belief HealthFirst has classified all of its marketing representatives as exempt from overtime pay requirements under state and federal law.

5. It has classified its marketing representatives in this way in order to avoid paying them all of their earned wages.

6. By the conduct described in this Complaint, HealthFirst willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiff, proper overtime wages as required by law.

### *Sexual Harassment*

7. In addition to violating the wage and hour laws with respect to Plaintiff and her co-workers, HealthFirst subjected Plaintiff to a hostile working environment based on her sex, and terminated her employment when she resisted her manager's unwelcome sexual advances.

8. Throughout her employment, Plaintiff's manager, Kayote Lott ("Lott"), repeatedly directed unwelcome sexual advances and sexually explicit comments at Plaintiff. Plaintiff complained about this conduct but HealthFirst failed to take effective measures to stop it. Plaintiff complained to Lott's manager, Rodney Cash, but HealthFirst took no action to stop Lott's behavior in response to Plaintiff's complaints.

9. HealthFirst ultimately fired Plaintiff in retaliation for her complaints and because she refused Lott's advances.

## NATURE OF THE ACTION

10. Plaintiff seeks to recover unpaid wages that HealthFirst owes her and similarly situated current and former HealthFirst marketing representatives. She brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), on behalf of herself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b). She also brings this action on behalf of herself and a class of similarly situated current and former employees of HealthFirst, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

11. In addition, Plaintiff brings gender discrimination and retaliation claims on her own behalf under the New York City Human Rights Law, NYCHRL, N.Y.C. Admin Code § 8-107(1) et seq. ("NYCHRL");

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's city and state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332.

13. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

15. Plaintiff's claims involve matters of national or interstate interest.

16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

18. Upon information and belief, the HealthFirst resides in New York.

19. Upon information and belief, the HealthFirst is subject to personal jurisdiction in New York.

20. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Brooklyn, New York.

## THE PARTIES

### *The Plaintiff*

21. Plaintiff resides in Brooklyn, New York.

4

22. Plaintiff was an employee of HealthFirst in New York from approximately September 2002 through approximately August 2004.

23. Pursuant to HealthFirst's policy and pattern or practice, Plaintiff regularly performed work for HealthFirst's benefit without compensation. HealthFirst did not pay Plaintiff a proper overtime premium for hours she worked for HealthFirst's benefit in excess of 40 hours in a workweek.

***The Defendant***

24. Upon information and belief, HealthFirst is a domestic not-for-profit corporation, incorporated in New York, doing business within the City and County of New York and on Long Island.

25. HealthFirst maintains corporate headquarters within the City and County of New York at 25 Broadway, New York, NY 10004.

26. Upon information and belief, Health First maintains control, oversight, and direction over its operations, including its employment practices.

27. HealthFirst functioned as the "employer" of Plaintiff and similarly situated employees as that term is used in all relevant laws.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings FLSA claims on behalf of herself and all similarly situated persons who work or have worked for HealthFirst as marketing representatives who elect to opt in to this action (the "FLSA Collective").

29. HealthFirst is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff. There are many similarly situated current and former HealthFirst employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-

supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to HealthFirst, are readily identifiable, and can be located through HealthFirst's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

30.     Plaintiff also brings New York Labor Law claims on behalf of herself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for HealthFirst as marketing representatives between the filing date of this lawsuit and the date of judgment in this action" (the "Rule 23 Class").

31.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of the HealthFirst.

32.     HealthFirst has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

33.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether HealthFirst has failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

(b)     what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

6

whether HealthFirst has failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(d)	the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(e)	whether HealthFirst has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and New York Labor Law; and

(f)	whether HealthFirst's policy of misclassifying workers was done willfully or with reckless disregard of the statute.

34.	The claims of the Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the Rule 23 Class work or have worked for HealthFirst as marketing representatives working off-site and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. HealthFirst has acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

35.	Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

36.	Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

37.	A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously

7

prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of HealthFirst's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about HealthFirst's practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

38.  Consistent with HealthFirst's policy and pattern or practice, Plaintiff and the members of the FLSA Collective and the Rule 23 Class ("Class Members") regularly worked in excess of 40 hours per week without being paid overtime wages.

39.  All of the work that Plaintiff and the Class Members have performed has been assigned by HealthFirst and/or HealthFirst has been aware of all of the work that Plaintiff and the Class Members have performed.

40.  Upon information and belief, it has been HealthFirst's policy and pattern or practice to classify marketing representatives as exempt from coverage of the overtime provisions of the FLSA and New York Labor Law, without reference to the types of duties these workers performed.

41.  Upon information and belief, HealthFirst has not trained its employees, including Plaintiff and the Class Members' supervisors, on the differences between exempt and non-exempt work.

8

42. As part of its regular business practice, HealthFirst has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law with respect to Plaintiff and the Class Members. This policy and pattern or practice includes but is not limited to:

(a) willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of HealthFirst;

(b) willfully failing to keep payroll records as required by the FLSA and New York Labor Law;

(c) willfully misclassifying the Plaintiff and the Class Members as exempt from the requirements of the FLSA; and

(d) willfully failing to pay its employees, including Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

43. Upon information and belief, HealthFirst's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the New York Labor Law.

44. HealthFirst was aware or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.

45. HealthFirst's failure to pay Plaintiff overtime wages for their work in excess of 40 hours per week was willful.

46. HealthFirst's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

47. Plaintiff was hired by HealthFirst in approximately September 2002.

48.     Plaintiff worked for HealthFirst from approximately September 2002 through approximately August 2004.

49.     During her employment with HealthFirst, Plaintiff primarily worked in and around the East Flatbush neighborhood of Brooklyn, New York.

50.     Plaintiff's primary duties included, setting up marketing materials and displays; dismantling displays; carrying chairs, tables, and displays; locating Medicaid-eligible individuals; filling out paperwork; collecting documents; staffing tables and handing out printed information.

51.     Plaintiff worked more than 40 hours during most workweeks.

52.     During some workweeks, Plaintiff worked more than 60 hours.

53.     HealthFirst failed to pay Plaintiff for many hours she worked and failed to pay her overtime compensation for many of the hours she worked.

54.     HealthFirst failed to keep accurate records with respect to Plaintiff's work.

**PLAINTIFF'S GENDER DISCRIMINATION AND RETALIATION ALLEGATIONS**

55.     HealthFirst subjected Plaintiff to harassment based on her gender that altered her terms and conditions of employment, and culminated in her termination.

56.     This gender-based harassment began during her training and continued throughout her employment with HealthFirst. It includes, but is not limited to the following:

     a.     During Plaintiff's training, Kayote Lott ("Lott") repeatedly propositioned her and asked her to date him. During some evenings, Lott called Plaintiff at home to ask her to date him.

     b.     In Spring 2003, Lott became Plaintiff's manager. Thereafter, he continued to proposition her and ask her to date him. He did so almost every time he was in Plaintiff's presence. Plaintiff asked Lott to stop this conduct on several occasions.

10

   c. Lott also escalated his harassment of Plaintiff after he became her manager. The harassment included inappropriately touching her on her arms and back and making inappropriate sexual comments. For example, Lott tried to tickle Plaintiff under her arm in front of potential enrollees on at least two different occasions, even though Plaintiff told Lott to stop after the first one. One incident occurred on the street near the corner of Utica Avenue and Church Avenue in Brooklyn. Another incidence occurred at the McDonald's on Empire Boulevard.

   d. On another occasion, at a meeting with a potential enrollee, at the McDonald's restaurant near the corner of Empire Avenue and Washington Avenue, Lott told Plaintiff, "If your husband can't fuck you, I can."

57. When Plaintiff rejected Lott's sexual advances, he began to treat her with increased hostility. He ridiculed her work in front of co-workers. He criticized her work without justification and told her words to the effect that that everything she did was wrong.

58. In addition to complaining to Lott directly and telling him to stop, Plaintiff told Lott's manager, Rodney Cash, that Lott was harassing her.

59. Upon information and belief, HealthFirst failed to conduct any investigation into Plaintiff's complaints and failed to take any effective remedial action.

60. In August 2004, HealthFirst fired Plaintiff because she rejected Lott's advances and/or in retaliation for her complaints.

61. For the period preceding her termination, Plaintiff's enrollment numbers compared favorably with other marketing representatives.

11

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)
### (Brought on Behalf of Plaintiff and Similarly Situated Current and Former Employees)

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. HealthFirst has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

64. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

65. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to HealthFirst.

67. HealthFirst is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

69. HealthFirst has failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

70. HealthFirst's violations of the FLSA, as described in this Complaint have been willful and intentional. HealthFirst has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

71. Because HealthFirst's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72. As a result of HealthFirst's willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

73. As a result of the unlawful acts of HealthFirst, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. At all relevant times, Plaintiff was an employee and HealthFirst has been an employer within the meaning of the New York Labor Law.

76. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to HealthFirst.

77. HealthFirst has failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

78. By HealthFirst's failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York

Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

79. Due to HealthFirst's violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from HealthFirst their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**(New York City Human Rights Law: Gender Discrimination and Retaliation)**

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. By the conduct alleged in this Complaint, HealthFirst intentionally discriminated against Plaintiff in the terms and conditions of her employment on account of her gender and retaliated against her in violation of the NYCHRL.

82. HealthFirst aided, abetted, incited, compelled, or coerced the doing of acts forbidden under the NYCHRL.

83. HealthFirst intentionally discriminated against Plaintiff in violation of the NYCHRL by, *inter alia*, creating a gender-based hostile work environment that altered the terms and conditions of her employmentt.

84. By the conduct alleged in this Complaint, HealthFirst retaliated against Plaintiff because she opposed Lott's unlawful sexual advances and engaged in protected activity by complaining to HealthFirst, in violation of the NYCHRL.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by HealthFirst as marketing representatives for HealthFirst in New York City's five boroughs and Long Island. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as a representative of the Rule 23 Class, and counsel of record as Class Counsel;

E. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

F. Unpaid overtime pay pursuant to N.Y. Lab. Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations (Plaintiff does not seek liquidated damages under the New York Labor Law on behalf of the Rule 23 Class);

G. Pre-judgment interest;

H. An injunction requiring HealthFirst to pay all statutorily-required wages pursuant to the New York Labor Law;

I. Attorneys' fees and costs; and

J. Such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for the following individual relief:

A. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under;

B. An injunction requiring HealthFirst to refrain from engaging in actions or practices that discriminate or retaliate against any employees or job applicants because of their gender or their protected activity;

C. Back pay, reinstatement or front pay in lieu thereof, and reimbursement for lost Social Security and other employment-related benefits;

D. Compensatory damages for Plaintiff's emotional distress and pain and suffering caused by HealthFirst's discriminatory and/or retaliatory conduct;

E. Punitive damages sufficient to punish and deter continuation of HealthFirst's unlawful employment practices;

F. Attorneys' fees and costs; and

G. Such other relief as this Court deems just and proper.

\*   \*   \*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:        March 16, 2007

                                   Respectfully submitted,

                                   **OUTTEN & GOLDEN LLP**

                                   By: _____
                                        Justin M. Swartz (JS 7989)

                                   Adam T. Klein (AK 3293)
                                   Justin M. Swartz (JS 7989)
                                   ReNika Moore (RM 3484)
                                   Rachel Bien (RB 6919)
                                   **Outten & Golden LLP**
                                   3 Park Avenue, 29th Floor
                                   New York, New York 10016
                                   Telephone: 212-245-1000
                                   **Attorneys for Plaintiff and the Putative Class**