Kenneth J. Kelly (KK-4195)
Diana Costantino Gomprecht (DG-2181)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendant
HF MANAGEMENT SERVICES, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------- x

GERTRUDE WILLIX, RAMESH SHAH, and VIKAS :
BHAT, individually and on behalf of others similarly :
situated, :                                    CV 07 1143 (ENV)(RER)
:
                            Plaintiffs, :
:                                          **DEFENDANTS' FIRST**
                            - against - :   **AMENDED ANSWER TO**
:                                          **FOURTH AMENDED**
HEALTHFIRST, INC., d/b/a HEALTHFIRST and  HF :  **CLASS ACTION**
MANAGEMENT SERVICES, LLC, d/b/a :           **COMPLAINT**
HEALTHFIRST, :
:
                            Defendants. :
-------------------------------------- x


Defendant HF Management Services, LLC ("HFMS") (erroneously defined in the

caption as "HF Management Services, LLC d/b/a Healthfirst"), by its attorneys Epstein Becker

& Green, P.C., for its answer to the third amended class action complaint:[1]

## PRELIMINARY STATEMENT ALLEGATIONS

1.      Denies the allegations in paragraph 1, except Healthfirst, Inc. is a not-for-profit

corporation.

---

[1] Plaintiffs define both defendants collectively as "Healthfirst" in paragraph 3 of
the complaint. This answer responds to the allegations only as to HF Management Services,
LLC and, unless otherwise noted, that defendant denies knowledge or information as to all
allegations regarding Healthfirst, Inc.

2.      Denies the allegations in paragraph 2, except HFMS is a limited liability company and a management services organization that provides services to health maintenance organizations. HFMS further states that it does not do business as Healthfirst, as indicated in the caption.

3.      Denies the allegations in paragraph 3, except, PHSP is a not-for-profit corporation that, *inter alia*, administers Medicaid, Child Health Plus and Family Health Plus plans.

4.      Denies the allegations in paragraph 4, except HFMS was plaintiffs' employer and employs other marketing representatives, and HFMS's marketing representatives visit locations in low-income neighborhoods, such as hospitals, doctor's offices, pharmacies and other locations, to enroll eligible beneficiaries in Medicaid and other free and paid health insurance programs.

5.      Denies the allegations in paragraph 5, except in order for marketing representatives to get credit for individuals they enroll, they must ensure that each individual's application (including supporting documentation) is complete. HFMS further states that work performed ensuring that applications are complete is "incidental to and in conjunction with the employee's own outside sales or solicitations" within the meaning of the Department of Labor's applicable regulations.

6.      Denies the allegations in paragraph 6, except that as part of the Medicaid enrollment process, marketing representatives must obtain copies of documents from enrollees demonstrating the enrollees' Medicaid eligibility and investigate the accuracy of the information therein.

7.     Denies the allegations in paragraph 7.

8.     Denies the allegations in paragraph 8, except HFMS classifies all of its marketing representatives as "outside salespeople," exempt from overtime pay requirements under state and federal law.

9.     Denies the allegations in paragraph 9.

10.    Denies the allegations in paragraph 10.

11.    Denies the allegations in paragraph 11.

12.    Denies the allegations in paragraph 12.

13.    Denies the allegations in paragraph 13.

## NATURE OF THE ACTION

14.    Denies the allegations in paragraph 14, except plaintiffs purport to bring this action to recover unpaid wages on behalf of themselves and similarly situated current and former HFMS marketing representatives under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and under New York Labor Law §§ 650 et seq. and New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

15.    Denies the allegations in paragraph 15, except Willix purports to bring gender discrimination and retaliation claims on her own behalf under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1) et seq.

## JURISDICTION AND VENUE ALLEGATIONS

16.     Denies the allegations in paragraph 16, except states that to the extent it sets forth conclusions of law, a response is not required.

17.     Denies the allegations in paragraph 17 and further states that the FLSA does not provide for subject matter jurisdiction of this Court.

18.     Denies the allegations in paragraph 18.

19.     Denies the allegations in paragraph 19.

20.     States that paragraph 20 sets forth a conclusion of law as to which a response is not required.

21.     Denies the allegations in paragraph 21.

22.     Admits the allegations in paragraph 22.

23.     States that paragraph 23 sets forth a conclusion of law as to which a response is not required.

24.     Denies the allegations in paragraph 24.

## THE PARTIES

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Denies the allegations in paragraph 26, except, upon information and belief, Willix was an employee of HFMS from August 16, 2002 through August 3, 2004.

27.     Denies the allegations in paragraph 27, except during her employment with HFMS, Willix primarily worked in and around the East Flatbush neighborhood of Brooklyn, New York.

28.     Denies the allegations in paragraph 28, except HFMS did not pay Willix any overtime premium because she was classified as an exempt employee.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Denies the allegations in paragraph 30, except, upon information and belief, Shah was an employee of HFMS in New York from approximately August 2005 through approximately February 2007.

31.     Denies the allegations in paragraph 31, except during his employment with HFMS, Shah primarily worked in and around Queens, New York.

32.     Denies the allegations in paragraph 32, except HFMS did not pay Shah any overtime premium because he was classified as an exempt employee.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Denies the allegations in paragraph 34, except, upon information and belief, Bhat was an employee of HFMS in New York from approximately May 2005 through approximately February 2007.

35.     Denies the allegations in paragraph 35, except during his employment with HFMS, Bhat primarily worked in and around the neighborhood of Flushing, in Queens, New York.

36.     Denies the allegations in paragraph 36, except HFMS did not pay Bhat any overtime premium because he was classified as an exempt employee.

37.     Admits the allegations in paragraph 37.

38.     Admits the allegations in paragraph 38.

39.     Denies the allegations in paragraph 39, except HFMS is a New York limited liability company that has offices in New York City, Queens and Long Island.

40.     Admits the allegations in paragraph 40.

41.     Denies the allegations in paragraph 41.

42.     Denies the allegations in paragraph 42 except PHSP is a New York corporation that has offices in New York City and Long Island.

43.     Admits the allegations in paragraph 43.

44.     Denies the allegations in paragraph 44, except HFMS employed Plaintiffs and other marketing representatives.

45.     Denies the allegations in paragraph 45.

46.     Denies the allegations in paragraph 46.

47.     Denies the allegations in paragraph 47, except HFMS controls the terms and conditions of its employees, which at one time included plaintiffs, and denies HFMS engaged in any illegal pay practices.

48.     Denies the allegations in paragraph 48, except states that to the extent it sets forth a conclusion of law, a response is not required.

## COLLECTIVE ACTION ALLEGATIONS

49.     Denies the allegations in paragraph 49, except plaintiffs purport to bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for HFMS as marketing representatives who elect to opt into this action.

50.     Denies the allegations in paragraph 50.

## CLASS ACTION ALLEGATIONS

51.     Denies the allegations in paragraph 51, except plaintiffs purport to bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Healthfirst as marketing representatives between the filing date of this lawsuit and the date of judgment in this action."

52.     Denies the allegations in paragraph 52.

53.     Denies the allegations in paragraph 53.

54.     Denies the allegations in paragraph 54.

55.     Denies the allegations in paragraph 55.

56.     Denies the allegations in paragraph 56.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Denies the allegations in paragraph 58.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

59.     Denies the allegations in paragraph 59, except plaintiffs are exempt employees and therefore were not entitled to overtime wages when they worked in excess of 40 hours.

60.     Denies the allegations in paragraph 60, except all of the work plaintiffs and the Class Members have performed has been assigned by HFMS and/or HFMS has been aware of all the work the plaintiffs and the Class Members have performed.

61.     Denies the allegations in paragraph 61.

62.     Denies the allegations in paragraph 62.

63.     Denies the allegations in paragraph 63.

64.     Denies the allegations in paragraph 64.

65. Denies the allegations in paragraph 65, except states that to the extent it sets forth a conclusion of law, a response is not required.

66. Denies the allegations in paragraph 66.

67. Denies the allegations in paragraph 67.

## PLANTIFFS' WAGE AND HOUR ALLEGATIONS

68. Denies the allegations in paragraph 68, except the primary duties of Medicaid marketing representatives include, among other things, site development, identifying individuals who are interested in enrolling in Medicaid and other free and paid for health insurance programs, and assisting potential enrollees in filling out and submitting enrollment applications.

69. Admits the allegations in paragraph 69, except that the tasks listed do not include all tasks that marketing representatives perform related to their primary duties.

70. Denies the allegations in paragraph 70.

71. Denies the allegations in paragraph 71, except marketing representatives are required to meet certain goals, which are based upon the number of enrollees they enroll and the accuracy of the applications submitted.

72. Admits the allegations in paragraph 72.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    Denies the allegations in paragraph 75, except plaintiffs were exempt employees and therefore were not entitled to overtime wages when they worked in excess of 40 hours.

76.    Denies the allegations in paragraph 76.

## PLAINTIFF'S GENDER DISCRIMINATION AND RETALIATION ALLEGATIONS

77.    Denies the allegations in paragraph 77.

78.    Denies the allegations in paragraph 78.

79.    Denies the allegations in paragraph 79.

80.    Denies the allegations in paragraph 80, except denies knowledge or information regarding what plaintiff allegedly told Cash about Lott.

81.    Denies the allegations in paragraph 81, and further states that Willix never complained about sexual harassment by Lott.

82.    Denies the allegations in paragraph 82.

83.    Denies the allegations in paragraph 83.

## FIRST CAUSE OF ACTION

84.    States that a response to paragraph 84 is not required.

85.    Denies the allegations in paragraph 85.

86.    As to paragraph 86, states that upon information and belief, plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

87.    States that paragraph 87 sets forth a conclusion of law as to which a response is not required.

88.    Denies the allegations in paragraph 88, except states that to the extent it sets forth a conclusion of law, a response is not required.

89.    Denies the allegations in paragraph 89, except states that to the extent it sets forth a conclusion of law, no response is required.

90.    States that paragraph 90 sets forth a conclusion of law as to which a response is not required.

91.    Denies the allegations in paragraph 91.

92.    Denies the allegations in paragraph 92.

93.    Denies the allegations in paragraph 93.

94.    Denies the allegations in paragraph 94.

95.    Denies the allegations in paragraph 95.

## SECOND CAUSE OF ACTION

96.    States that a response to paragraph 96 is not required.

97.     States that paragraph 97 sets forth a conclusion of law as to which a response is not required.

98.     Denies the allegations in paragraph 98, except states that to the extent it sets forth a conclusion of law, a response is not required.

99.     Denies the allegations in paragraph 99.

100.    Denies the allegations in paragraph 100.

101.    Denies the allegations in paragraph 101.

## THIRD CAUSE OF ACTION

102.    States that a response to paragraph 102 is not required..

103.    Denies the allegations in paragraph 103.

104.    Denies the allegations in paragraph 104.

105.    Denies the allegations in paragraph 105.

106.    Denies the allegations in paragraph 106.

## FIRST DEFENSE

107.    The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

108.    HFMS acted in good faith at all times and as a result plaintiffs' claims for punitive damages are barred.

## THIRD DEFENSE

109.    Plaintiffs' salary and duties meet all requirements for exemption as a bona fide outside sales worker pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 5412.

## FOURTH DEFENSE

110.    Plaintiffs' claims are barred by the statute of limitations under the Portal-to-Portal Act, 29 U.S.C. § 225(a), because plaintiffs have failed to allege facts demonstrating that defendant's alleged conduct was willful.

## FIFTH DEFENSE

111.    Even if plaintiffs could show a willful violation of the FLSA, plaintiffs' claims are barred by the statute of limitations under the Portal-to-Portal Act, 29 U.S.C. § 255(a) to the extent the claims accrued prior to March 17, 2004.

## SIXTH DEFENSE

112.   Plaintiffs' claims are barred by the *de minimus* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

## SEVENTH DEFENSE

113.   Plaintiffs' prayer for liquidated damages is barred because plaintiffs have not sufficiently plead facts demonstrating they are entitled to such damages and defendant has at all times classified its workers in good faith and with a reasonable ground for believing it was in compliance with the FLSA pursuant to the Portal-to-Portal Act, 29 U.S.C. § 260.

## EIGHTH DEFENSE

114.   One or more of the plaintiffs are not appropriate representatives of the class because one or more of the plaintiffs are not similarly situated to other workers, or to the class of persons performing the job of "Marketing Representative," whom they purport to represent.

## NINTH DEFENSE

115.   Defendant acted in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

## TENTH DEFENSE

116.    Plaintiffs' prayer for damages is barred, in whole or in part, because plaintiffs were salaried employees working a fluctuating work week and, as pled, would be entitled to, at most, half-time compensation in accordance with 29 C.F.R. § 778.114.

## ELEVENTH DEFENSE

117.    Plaintiffs' action is barred, in whole or in part, by the Eleventh Amendment of the United States Constitution because HFMS was acting at all relevant times as an agent of the State of New York.

## TWELFTH DEFENSE

118.    Defendant has a publicized discrimination policy and has an established complaint procedure by which employees may seek redress of any alleged discrimination.

119.    Plaintiff Willix unreasonably failed to use defendant's complaint procedure to report any alleged discriminatory behavior.

120.    By reason thereof, plaintiff Willix is precluded from any recovery of damages arising from alleged discrimination.

## THIRTEENTH DEFENSE

121.    Any harm that may be suffered by plaintiffs has not been caused by the conduct of defendant.

## FOURTEENTH DEFENSE

122.    Plaintiff Willix's employment was at-will, and, in any event, was terminated for cause.

## FIFTEENTH DEFENSE

123.    Plaintiff Willix's discrimination claims are barred, in whole or in part, by the applicable statute of frauds.

## SIXTEENTH DEFENSE

124.    Plaintiff Willix has failed to mitigate any alleged damages.

HFMS reserves the right to assert additional affirmative and other defenses that may subsequently become or appear applicable to some or all of plaintiffs' claims.

WHEREFORE, defendants respectfully request that plaintiffs' third amended complaint be dismissed in its entirety and that it be awarded its costs and disbursements and such other relief as the Court may deem just and proper.

New York, New York
March 27, 2008

EPSTEIN BECKER & GREEN, P.C.

By: _____

Kenneth J. Kelly (KK-4195)
Aime Dempsey (AD -3104)
Diana Costantino Gomprecht (DG-2181)
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for Defendant
HF Management Services, LLC