# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

AIME DEMPSEY
TEL: 212.351.3764
FAX: 212.878.8764
ADEMPSEY@EBGLAW.COM

March 31, 2008

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East, Rm. 263
Brooklyn, New York 11201

Re: Willix et. al. v. HealthFirst, Inc. et. al.,
07-CV-1143 (ENV)(RER)

Dear Judge Reyes:

We represent the defendants in the above-referenced litigation. I write in response to plaintiffs' counsel's March 25, 2008 letter-motion to the Court seeking to compel certain discovery.

Plaintiffs' motion is a transparent attempt to circumvent the bifurcated case management plan that governs discovery in this case, and to unnecessarily drive up defendants' litigation costs. Sometime in February 2008, plaintiffs decided that they would prefer to discard the bifurcated plan and have not ceased their attempts to do so despite the Court's orders in late February maintaining the plan. Despite the limited purpose of this first phase of discovery, plaintiffs seek to force defendants to undergo an expensive search of emails, and to seek production of Board of Directors meeting agendas and minutes for three companies over seven years, ostensibly in order to obtain information regarding the companies' corporate structures.

**Emails**

Contrary to plaintiffs' claim, defendants have not refused to produce emails. During one of the depositions, plaintiffs' counsel requested certain emails related to the exempt status and compensation of the potential plaintiff class employees from a witness who testified she might have such documents. We advised plaintiffs' counsel, when we last discussed

ATLANTA · CHICAGO · DALLAS · HOUSTON · LOS ANGELES · MIAMI
NEWARK · NEW YORK · SAN FRANCISCO · STAMFORD · WASHINGTON, D.C.

NY:2504648v1         EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

discovery, that we would undertake to produce any of those documents that exist. A comprehensive examination of defendants' complete email system for emails responsive to any of plaintiffs' numerous document requests is not, however, warranted, at least during this phase of the case.

Searching email is one of the most time consuming and expensive aspects of current litigation practice. The putative class period for the state claims arguably goes back to March 2001, which would necessitate searching the files of countless "custodians," past and present. Key words would have to be determined and applied, and because key words inevitably elicit more nonresponsive emails than responsive ones, the results of the searches must be separately reviewed. The postponement and possible avoidance of the enormous expense of email production was one of defendants' primary motivations for development of the bifurcated case management plan in which limited issues are to be dealt with in the first round of discovery, to be followed by summary judgment briefing that could dispose of the litigation. Plaintiffs' counsel agreed, during one of the earliest discovery telephone conferences between the parties regarding document discovery, that email production should be postponed during this first phase of discovery. There is no legitimate reason to alter that procedure at this point.

**Board Minutes**

Plaintiffs also demand all of the Board of Directors minutes and agendas for all three defendants for the entire putative class period. They claim they need these documents because they are "relevant" to defendants' "defense" that HealthFirst, Inc. is not a joint employer. In the first place, there is no such "defense" among defendants' sixteen affirmative defenses. While HealthFirst Management Services, LLC is the employer of the marketing representatives at issue, plaintiffs have successfully joined two other HealthFirst companies as defendants, such that all potentially-related entities have been made part of the action. Plaintiffs have nevertheless spent inordinate effort trying to "prove," at this early point in the case, well before any damages are at issue, that the other entities are also "employers." They have asked questions regarding corporate structure of nearly every witness and defendants have responded to those questions and provided responsive documents.

Plaintiffs have also sought a Rule 30(b)(6) deposition regarding corporate structure, and defendants are providing a witness – the current General Counsel -- on that topic this week. The pending demand for Board of Directors minutes and agendas is plainly overkill, designed merely to harass defendants. The Boards of Directors meet every few weeks, so these documents will be voluminous. To the extent the type of information plaintiffs seek is even in the Board agendas and minutes, it would constitute a very small portion of those documents, which are otherwise concerned with all manner of corporate governance issues and contain highly sensitive, sometimes proprietary, information that is wholly irrelevant to the issues in this case. While plaintiffs may be entitled to *sufficient* information to understand the corporate relationship among HealthFirst corporate entities, and the other companies' relationship to

HFMS's employees, they are not entitled to *all* such information, regardless of the burden or relevance attached to it.

If defendants are required to search for and produce all potentially responsive emails, plaintiffs should bear the cost, including attorneys' fees. Cost-shifting is warranted because the burden and expense enormously outweighs the likely benefit.

Respectfully submitted,

Aime Dempsey

cc:  ReNika Moore, Esq. (by email and ECF)
     Justin M. Swartz, Esq. (by email and ECF)

NY:2504648v1