IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERTRUDE WILLIX, RAMESH SHAH, and VIKAS BHAT, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHFIRST, INC., d/b/a HEALTHFIRST; HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST; and HEALTHFIRST PHSP, INC. d/b/a HEALTHFIRST<br><br>Defendants. | 07-CV-1143 (ENV)(RER)<br><br>**CLASS AND COLLECTIVE ACTION STIPULATION** |

Whereas, Plaintiffs Gertrude Willix, Ramesh Shah, and Vikas Bhat ("Plaintiffs") brought this action on behalf of themselves and a putative class of PHSP Marketing Representatives alleging that Defendants Healthfirst, Inc., HF Management Services, LLC and/or Healthfirst PHSP, Inc. ("collectively "Defendants" or "Healthfirst") violated the overtime requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

Whereas, the parties have undertaken sufficient discovery, including the exchange of tens of thousands of pages of documents and eleven depositions, to determine that the requirements of Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and the standard for collective action certification under Section 216(b) of the FLSA have been met;

Whereas, having undertaken such discovery, the parties wish to avoid time-consuming and costly class and collective certification motion practice and have agreed to stipulate to class and collective certification and the items set forth below;

Whereas, accordingly, the parties, by and through their undersigned counsel, hereby

stipulate and agree to the following:

1. The "Class Period" is defined as the period between March 16, 2001 and October 31, 2007. The proposed NYLL Rule 23 class is defined as: "All current and former PHSP Marketing Representatives who work or worked in that position for Defendants in New York at any time during the Class Period" (the "Class").

2. The "Collective Period" is conditionally defined as the period between March 16, 2004 and October 31, 2007, for purposes of the Notice of Class and Collective Action (as defined in Paragraph 18 below). For all other purposes, Defendants reserve the right to maintain that a three-year statute of limitations period does not apply based on the "good faith" affirmative defense and/or because Defendants did not act willfully. Plaintiffs reserve the right to take a contrary position. The proposed FLSA Collective is defined as: "All current and former PHSP Marketing Representatives who work or worked in that position for Defendants in New York during the Collective Period, and who opt in (or who had already opted in) to this action on or before the deadline on the Collective notice" (the "Collective").

3. With leave of the Court, Plaintiffs will file a Fifth Amended Complaint that incorporates the class and collective definitions set forth in Paragraphs 1 and 2.

**FRCP 23(a) Requirements**

4. Numerosity is satisfied under FRCP 23(a)(1). The Class consists of over 1000 members. (Ex. A (Class List).)

5. Commonality is satisfied under FRCP 23(a)(2). Common questions of law and fact include, without limitation (1) whether Defendants properly classified PHSP Marketing Representatives as exempt from the overtime requirements of the NYLL and the FLSA; and (2) whether Defendants had a policy of not paying PHSP Marketing Representatives overtime

premium pay for hours worked over 40 in a workweek.

6. Throughout the Class Period, Defendants classified all PHSP Marketing Representatives as outside salespeople, exempt from the overtime pay requirements of the FLSA and the NYLL. Ex. B (Employee Manual) at 9, 17; Ex. C (Job Description); Ex. D (Forino Tr.) 57:12-58:7, 392:4-10.)

7. Typicality is satisfied under FRCP 23(a)(3). The Plaintiffs' claims are typical of the claims of the Class they seek to represent because, throughout the class period, all PHSP Marketing Representatives were subject to the same or similar policies (which change from time to time), including policies concerning PHSP Marketing Representatives' compensation. Ex. B (Employee Manual) at 9, 17; Ex. C (Job Description); Ex. D (Forino Tr.) 57:12-58:7; 397:21-398:3, 392:4-10.)

8. Throughout the Class Period, all PHSP Marketing Representatives were similarly situated to one another with respect to the claims in this case because they performed essentially the same duties (Ex. D (Forino Tr.) 71:4-23; Ex. E (Leon Tr.) 79:13-80:3, 81:1-7; 110:22-111:1; Ex. C (Job Description), attended the same training (Ex. F (Tejeda Tr.) 56:16-57:6, 111:23-112:7, 113:11-14; 114:10-17; 138:6-10); Ex. G (2003 Marketing Plan) at 6-7; Ex. H (Sales Operating Procedure) at 2-3), and were governed by the same governmental requirements (which changed from time to time). (Ex. E (Leon Tr.) 63:19-24, 67:9-19, 150:15-151:12, 154:8-15, 198:22-199:12, 235:19-236:1, 284:20-285:5; Ex. F (Tejeda Tr.) 139:11-14; Ex. I (Marketing Regulations); Ex. J (Marketing Guidelines) at 33-34.)

9. Adequacy is satisfied under FRCP 23(a)(4). The interests of the Plaintiffs are not in conflict with the interests of the Class. The Plaintiffs have demonstrated their commitment to the Class by responding to Defendants' discovery demands, providing factual information to

Plaintiffs' counsel, and having their depositions taken.

10. Plaintiffs' counsel, Outten & Golden LLP, possess the qualifications, experience, and resources to adequately represent the class. District courts in the Second Circuit have repeatedly found Plaintiffs' counsel to be adequate class counsel in wage and hour class actions and in other employment cases. *See, e.g., Westerfield v. Washington Mut. Bank*, Nos. 06-cv-2817, 08-cv-00287, 2009 U.S. Dist. LEXIS 94544, at *12–13 (S.D.N.Y. Oct. 8, 2009) ("[Outten & Golden] have substantial experience prosecuting . . . employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law"); *Prasker v. Asia Five Eight LLC*, 08 Civ. 5811, 2009 U.S. Dist. LEXIS 88163, at *6-7 & n.1 (S.D.N.Y. Sept. 22, 2009) ("Courts have repeatedly found [Outten & Golden] to be adequate class counsel in employment law class actions.")

**FRCP 23(b) Requirements**

11. Predominance is satisfied under FRCP 23(b)(3). The common issues that unite the Plaintiffs and the Class – Defendants' policy of classifying PHSP Marketing Representatives as exempt from overtime and the question of whether that policy was lawful – are subject to generalized proof because all Class members performed essentially the same duties, received the same training, and were all subject to the same or similar employee manual, personnel and pay policies, and government-imposed restrictions (which changed from time to time). (Ex. D (Forino Tr.) 30:13-31:7, 71:4-23; Ex. E (Leon Tr.) 63:19-24, 67:9-19, 81:1-7; 110:22-111:1, 150:15-151:12, 154:8-15, 198:22-199:12, 235:19-236:1, 284:20-285:5; Ex. C (Job Description); (Ex. F (Tejeda Tr.) 56:16-57:6, 111:23-112:7, 113:11-14; 114:10-17; 138:6-10, 139:11-14); Ex. G (2003 Marketing Plan) at 6-7; Ex. H (Sales Operating Procedure) at 2-3); Ex. I (Marketing Regulations); Ex. J (Marketing Guidelines) at 33-34.)

12. Superiority is satisfied under FRCP 23(b)(3). The Court can more efficiently determine whether Defendants' classification policy is lawful through a class action than through individual actions. A class-wide determination will also avoid the risk of conflicting outcomes.

13. Individual class members have not brought claims against Defendants alleging the violations at issue in this case. It is unlikely that individuals will pursue individual claims given that the costs of litigation would quickly exceed the value of their claims.

14. Litigation of the case on a class basis will not be unmanageable. The core issues in this case – whether Defendants' classification was lawful and the amount and extent of overtime worked – may be addressed through common evidence.

**Rule 23(g) Requirements**

15. Plaintiffs' counsel meet all of the requirements to be appointed Class Counsel under Rule 23(g).

16. Plaintiffs' counsel have done substantial work identifying, investigating, and litigating Plaintiffs' and the class members' claims, have ample experience litigating wage and hour class actions, including misclassification cases like this one, and have the resources to continue to prosecute this case until its completion. (Declaration of Justin M. Swartz in Support of Appointment of Plaintiffs' Counsel as Class Counsel ¶¶ 12-18.)

**29 U.S.C. § 216(b) Requirements**

17. The requirements for collective action certification are satisfied. Plaintiffs and the Collective are "similarly situated" within the meaning of Section 216(b) of the FLSA because they performed essentially the same job duties, were subject to the same or similar employment and compensation policies, and were all classified as exempt from the overtime requirements of the FLSA under the outside salesperson exemption. (Ex. D (Forino Tr.) 30:13-31:7, 71:4-23; Ex.

E (Leon Tr.) 63:19-24, 67:9-19, 81:1-7; 110:22-111:1, 150:15-151:12, 154:8-15, 198:22-199:12, 235:19-236:1, 284:20-285:5; Ex. C (Job Description); Ex. F (Tejeda Tr.) 56:16-57:6, 111:23-112:7, 113:11-14; 114:10-17; 138:6-10, 139:11-14); Ex. G (2003 Marketing Plan) at 6-7; Ex. H (Sales Operating Procedure) at 2-3); Ex. I (Marketing Regulations); Ex. J (Marketing Guidelines) at 33-34.)

**Class and Collective Action Notification**

18. The parties will submit a joint proposed Notice of Class and Collective Action ("Notice") to the Court for its approval on or before December 21, 2009.

19. On or before December 21, 2009, Defendants shall provide to Plaintiffs' counsel a list, in electronic form, containing the names, last known addresses, last known telephone numbers, and partial Social Security numbers for all Class and Collective Members.

20. If the Court grants its approval of the Notice, within 10 business days thereof, Plaintiffs' counsel shall transmit the Notice to the Class and Collective via U.S. Mail.

By: /s/ Rachel M. Bien
    Rachel M. Bien, Esq.

OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000
*Attorneys for Plaintiffs and the Putative Class*

Dated: November 20, 2009


Dated: Brooklyn, New York
       NOV 2 4      , 2009

By: /s/ Aime Dempsey
    Aime Dempsey, Esq.

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177-0077
212-351-3764
*Attorneys for Defendants*

Dated: November 20, 2009


SO ORDERED

_____
U.S.D.J.