## OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Deborah L. McKenna
René S. Roupinian
Julia Griffin Murphy
Samuel R. Miller

Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Lauren Schwartzreich
Juno Turner

April 29, 2010

**Via ECF**
The Honorable Eric N. Vitaliano
United States District Court for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY  11201

Re:   <u>Willix et al. v. HealthFirst, Inc. et al., 07-CV-1143 (ENV) (RER)</u>

Dear Judge Vitaliano:

We are Class counsel in the above-referenced Fair Labor Standards Act and New York Labor Law wage and hour case. We write on behalf of all parties to request that the Court approve the mailing of the enclosed class and collective action notice ("Notice") to a group of 403 class members whom Defendants inadvertently left off of the original class list.

On December 3, 2009, the Court granted Plaintiffs' Unopposed Motion to Certify the Class and Appoint Plaintiffs' Counsel as Class Counsel. The Court approved the Notice of Class and Collection Action and Consent Form ("Notice") on January 12, 2010. Class Counsel mailed the Notice to 1,848 class members on January 13, 2010. The notice period ended on April 6, 2010.

On February 12, 2010, Defendants notified Class Counsel that Defendants had identified a problem with the class list used for the January 13th mailing. Defendants provided Class Counsel with a list of the 403 omitted class members on April 13, 2010.

Plaintiffs request permission to mail the enclosed Notice to these 403 class members. The enclosed Notice is identical to the notice that the Court approved in January except for three items: First, the response deadline is changed from April 6, 2010 to July 17, 2010. This assumes that the notice will go out on Monday, April 3, 2010. Second, per Healthfirst's request, we changed section 2 (page 4) to include a reference to the affirmative defense that Magistrate Judge Reyes recently allowed Healthfirst to add – the administrative exemption. Third, we changed section 6 (page 8) to include Healthfirst's new counsel's contact information.

We thank the Court in advance for its attention to this matter. This request will not affect any existing deadlines.

3 Park Avenue, 29th Floor    New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
4 Landmark Square, Suite 201    Stamford, CT  06901   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com    www.outtengolden.com

Hon. Eric N. Vitaliano
April 29, 2010
Page 2 of 2

 

                                        Respectfully submitted,

                                        /s/ Rachel Bien
                                        Rachel Bien (RB 6919)

Enclosure

cc:     Honorable Ramon E. Reyes (by Hand)
        Seth L. Levine (by email)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

# OFFICIAL COURT NOTICE

# IF YOU WERE EMPLOYED BY HEALTHFIRST, INC. OR HF MANAGEMENT SERVICES, LLC AS A PHSP MARKETING REPRESENTATIVE BETWEEN MARCH 2001 AND OCTOBER 2007,
# PLEASE READ THIS NOTICE.  A CLASS/COLLECTIVE ACTION MAY AFFECT YOUR RIGHTS.

- Current and former PHSP Marketing Representatives (the "Plaintiffs") have sued Healthfirst, Inc. and HF Management Services, LLC (hereinafter "Healthfirst") claiming that Healthfirst failed to pay them overtime wages.

- Healthfirst asserts that it paid PHSP Marketing Representatives properly under the law.

- The Court has not decided whether Healthfirst did anything wrong.

- On December 4, 2009, the Court certified the case as a class action under the New York Labor Law ("NYLL") and as a collective action under the federal Fair Labor Standards Act ("FLSA").

- The NYLL class consists of all PHSP Marketing Representatives employed by Healthfirst between March 16, 2001 and October 31, 2007, except those who affirmatively state that they do not wish to participate in this class action (as explained in Paragraph 13 below).

- The FLSA collective will consist of all eligible PHSP Marketing Representatives employed by Healthfirst between March 16, 2004 and October 31, 2007 who return a green consent to join form.

- If a recovery is obtained from Healthfirst, you will be notified about how to file a claim.

1
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com

- Your legal rights may be affected by this lawsuit.  You have a choice to make now.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **RETURN THE GREEN FORM**<br><br>ASSERT YOUR FLSA CLAIMS<br><br>AND<br><br>REMAIN A MEMBER OF THE NYLL CLASS | • If you worked at Healthfirst as a PHSP Marketing Representative between March 16, 2004 and October 31, 2007, you may be eligible to become a member of the FLSA collective.<br><br>• If you would like to become a member of the FLSA collective, you must <u>fill out the **Green Form** enclosed with this Notice and return it by **July 17, 2010**</u>.<br><br>• By becoming a member of the FLSA collective, you protect your ability to recover unpaid overtime and liquidated (double) damages that may come from a trial or a settlement of the lawsuit.<br><br>• You agree to be represented by the Class Representatives and to be bound by their decisions.<br><br>• You will be bound by the decisions of the Court concerning this litigation, whether they are favorable or unfavorable. |

2
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com

| | |
|---|---|
| **DO NOTHING**<br><br>REMAIN A MEMBER OF THE NYLL CLASS<br><br>BUT<br><br>**DO NOT** ASSERT YOUR FLSA CLAIMS | • If you worked at Healthfirst as a PHSP Marketing Representative between March 16, 2001 and October 31, 2007, you are automatically a member of the NYLL class.<br><br>• If you would like to remain a member of the NYLL class, there is nothing further you need to do.<br><br>• By remaining a member of the NYLL class, you retain the possibility of obtaining an award of unpaid overtime and interest that may come from a trial or a settlement of this class action lawsuit.  You should be aware that the Plaintiffs in this lawsuit are not seeking liquidated damages under the New York Labor Law.<br><br>• If you decide to remain a class member, you give up the right to sue Healthfirst individually for unpaid overtime and liquidated damages under the New York Labor Law.<br><br>• If you decide to remain a class member, you will be bound by any favorable or unfavorable decision of the Court. |
| **EXCLUDE YOURSELF FROM THE LAWSUIT** | • If you do not want to participate in the lawsuit, do not complete the Green Form enclosed with this Notice.  <u>Follow</u> the exclusion procedure explained in Paragraph 13 below.<br><br>• Retain the right to sue Healthfirst yourself and give up the right to be a class and collective member in this lawsuit and the possibility of obtaining a recovery that may come from a trial or settlement of this lawsuit. |

## BASIC INFORMATION

**1. Why did I get this Notice?**

Healthfirst's records show that you worked for Healthfirst as a PHSP Marketing Representative at some point between March 16, 2001 and October 31, 2007.

This Notice explains that the Court has "certified" a class and collective action lawsuit that may affect you.  A trial may be necessary to decide whether the claims being made against Healthfirst

3
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com

on your behalf are correct or whether the defenses to those claims are correct. The Honorable Eric N. Vitaliano, a District Court Judge in the United States District Court for the Eastern District of New York, is overseeing this lawsuit.

## 2. What is the lawsuit about?

The lawsuit is about whether Healthfirst violated the FLSA and NYLL by classifying PHSP Marketing Representatives as exempt from the overtime pay requirements of the FLSA and NYLL, and by not paying PHSP Marketing Representatives overtime compensation for work allegedly performed in excess of 40 hours per week. The FLSA and NYLL require employers to pay employees overtime for every hour they work over 40 in a workweek, unless the employees fall within an "exemption" from the overtime provisions of the law.

The Plaintiffs claim that they worked more than 40 hours per week during their employment with Healthfirst, but were not paid overtime for the hours over forty.

Healthfirst claims it properly classified PHSP Marketing Representatives as exempt from the overtime requirements because they were either employed as outside salespersons or in a role covered by the administrative exemption, and therefore, Plaintiffs were not entitled to overtime compensation.

## 3. What is a class action and who is involved?

In a class action lawsuit, one or more individuals called "Class Representatives" sue on behalf of a group of other people who have similar claims. In this case, the Class Representatives brought a class action under the New York Labor Law against Healthfirst on behalf of all PHSP Marketing Representatives. If you work or worked as a PHSP Marketing Representative during the class period, you are automatically included in the class. You do not have to file any documents to join the NYLL class action. You can, however, exclude yourself from the class action, but you must do so by following the instructions in Paragraph 13, below.

## 4. What is a collective action and how is it different from a class action?

Like a class action lawsuit, in a collective action lawsuit, one or more individuals sue on behalf of others who have similar claims. In this case, the Plaintiffs also brought a collective action under the Fair Labor Standards Act against Healthfirst on behalf of all those who worked as PHSP Marketing Representatives between March 16, 2004 and October 31, 2007.

The main difference between a class action and a collective action is that you are not automatically included in the FLSA collective even though you may have worked for Healthfirst

4
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com

as a PHSP Marketing Representative during the relevant time.  In order to become a collective member, you must complete the **Green Form** enclosed with this Notice.  <u>You can participate in both the class action and the collective action if you worked as a PHSP Marketing Representative between March 16, 2004 and October 31, 2007 and if you fill out and return the Green Form</u>.

### 5. Why is this lawsuit a class action?

The Court decided that this lawsuit can proceed as a class action because all of the requirements for bringing a class action in federal court were met.  The Court has not yet made any decisions about the merits of the Plaintiffs' claims or Healthfirst's defenses.

For additional information about why the Court certified this lawsuit as a class action, please contact Class Counsel at the phone numbers and/or addresses below.

### 6. Why is this lawsuit a collective action?

The Court decided that this lawsuit can be a collective action because it meets the requirements for bringing a collective action under the Fair Labor Standards Act.

### 7. What are the Plaintiffs asking for?

The Plaintiffs are seeking to recover from Healthfirst unpaid overtime wages for all hours worked over 40 per workweek, liquidated (double) damages under the FLSA, and interest. The Plaintiffs are also seeking costs and attorneys' fees.  The Plaintiffs are not seeking liquidated damages under the NYLL.

## WHO IS IN THE CLASS AND COLLECTIVE?

### 8. How do I know if I am part of the Class?

You are a member of the NYLL class if you worked for Healthfirst as a PHSP Marketing Representative between March 16, 2001 and October 31, 2007.

### 9. How do I know if I am part of the Collective?

You may be a member of the FLSA Collective if you worked for Healthfirst as a PHSP Marketing Representative between March 16, 2004 and October 31, 2007 <u>and</u> if you either: (1) already joined this lawsuit by submitting a consent form prior to getting this Notice, or (2) complete the enclosed Green Form and return it on or before the date set forth in Paragraph 12.

5
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com

| **10. I'm still not sure if I am included.** |
|---|

If you are not sure whether you are included, you can contact Class Counsel, Outten & Golden LLP, at the phone number(s) or address(es) listed below.

| **11. Can Healthfirst fire me or take other action against me because I am a part of this case?** |
|---|

No. The law prohibits Healthfirst from firing or in any other manner retaliating against any class member for being part of this lawsuit. If you have any questions about this issue, you can contact Class Counsel, Outten & Golden LLP, at the phone numbers and/or address listed below.

# YOUR RIGHTS AND OPTIONS

| **12. How do I join the FLSA collective?** |
|---|

If you would like to be included in the FLSA collective, and you worked as a PHSP Marketing Representative at Healthfirst between March 16, 2004 and October 31, 2007, complete and return the Green Form enclosed with this Notice. The form must be mailed, faxed, or emailed to:

**Healthfirst Overtime Lawsuit**
**Outten & Golden LLP**
**3 Park Avenue, 29th floor**
**New York, New York 10016**
**Facsimile: (212) 977-4005**
**Email: healthfirstclassaction@outtengolden.com**

## Your form must be postmarked by July 17, 2010.

6
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com

**13. What do I do if I do not want to participate in the lawsuit?**

If you do not want to participate in the NYLL class action, you must send a letter stating, "I wish to be excluded from the *Willix v. Healthfirst, Inc.,* 07-CV-1143, class action." Your letter must be mailed, faxed, or emailed to:

**Healthfirst Overtime Lawsuit Exclusion Request**
**Outten & Golden LLP**
**3 Park Avenue, 29th floor**
**New York, New York 10016**
**Facsimile: (212) 977-4005**
**Email: healthfirstclassaction@outtengolden.com**

## Your letter must be postmarked by July 17, 2010.

**14. Why would I ask to be excluded?**

If you already have your own overtime lawsuit against Healthfirst and want to continue to pursue it, you should ask to be excluded from the class as explained in Paragraph 13. If you wish to sue Healthfirst individually for unpaid overtime wages under the Fair Labor Standards Act and New York Labor Law, you should also ask to be excluded from the class. If you decide to exclude yourself as explained in Paragraph 13, you will not have the right to any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of a trial or from a settlement. You will not be legally bound by the Court's orders and judgments in this class action and will retain the right to sue Healthfirst individually.

If you file an individual lawsuit against Healthfirst after you exclude yourself, you may have to hire and pay for your own lawyer to represent you. If you wish to exclude yourself in order to file an individual lawsuit against Healthfirst, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations.

7
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com

# THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court decided that the lawyers at the law firm of Outten & Golden LLP are qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. They are experienced in handling similar cases against other employers. More information about Outten & Golden LLP, their practice, and their lawyers' experience is available at www.outtengolden.com.

**16. Who Represents Healthfirst?**

Healthfirst, Inc., HF Management Services LLC and their affiliates are represented by the law firm of:

**Foley & Lardner LLP**
**90 Park Avenue**
**New York, New York 10016**
**Phone:  212.682.7474**
**Facsimile:  212.687.2329**
**Email/Web Site:  www.foley.com**

**17. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel will be working on your behalf. It is your decision whether to hire your own lawyer. If you want to hire your own lawyer, you may have to pay that lawyer. You can ask your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

**18. How will the lawyers be paid?**

The Class Representatives have entered into a contingency fee agreement with Class Counsel. Under this agreement, you are not responsible for paying out of pocket any of the attorneys' fees or costs expended in the lawsuit. By returning the Green Form, you are agreeing to be bound by this agreement. Class Counsel will be paid as follows: (1) if there is a settlement, Class Counsel may ask the Court to award it up to 33% of any recovery obtained; (2) if there is a trial and the Plaintiffs prevail, Class Counsel may ask the Court to award it 33% of the award and/or may ask the Court to order Healthfirst to pay their attorneys' fees and costs separately, on top of the award to the Plaintiffs.

8
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com

# THE TRIAL

**19. How and when will the Court decide who is right?**

If the lawsuit is not resolved by a settlement or by the Court before trial, the Plaintiffs will have to prove their claims at a trial.  The trial would take place in the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. During the trial, a jury will hear evidence, including the testimony of witnesses, to help them reach a decision about whether the Plaintiffs are right about the claims in the lawsuit.  There is no guarantee that the Plaintiffs will prevail, or that they will be awarded any damages.

**20. Do I have to come to the trial?**

You are not required to attend the trial unless one of the parties asks you to be a witness at the trial.  If Class Counsel or Healthfirst's counsel believes that your testimony may be helpful to establishing important facts in the litigation, Class Counsel will contact you before the trial to provide more information regarding your participation in the trial.

# GETTING MORE INFORMATION

**21. Are there more details available?**

Yes.  If you have any questions or require additional information, please contact Class Counsel:

**Rachel Bien**
**Outten & Golden LLP**
**3 Park Avenue, 29th Floor**
**New York, New York 10016**
**(212) 245-1000 or (877) 468-8836**
**Fax: (212) 977-4005**
**healthfirstclassaction@outtengolden.com**
**www.outtengolden.com**

9
Questions? Contact
Rachel Bien, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016
(212) 245-1000 or (877) 468-8836
healthfirstclassaction@outtengolden.com
www.outtengolden.com