Seth L. Levine (SL-8656)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York  10016-1314
Telephone: 212.682.7474
Facsimile: 212.687.2329


-and-

Daniel A. Kaplan
FOLEY & LARDNER LLP
Verex Plaza
150 East Gilman Street
Madison, WI  53703
Telephone: 608.257.5035
Fax: 608.258.4258
*(admitted pro hac vice)*

*Attorneys for Defendants*
Healthfirst, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GERTRUDE WILLIX, RAMESH SHAH, and :
VIKAS BHAT, individually and on behalf of  :
others similarly situated,                             :          CV-07-1143 (ENV)(RER)
                                                                     :
                                    Plaintiffs,       :          **HEALTHFIRST, INC.'S ANSWER**
                                                                     :          **TO FOURTH AMENDED CLASS**
                       - against -                      :          **ACTION COMPLAINT**
                                                                     :
HEALTHFIRST, INC. d/b/a HEALTHFIRST  :
and HF MANAGEMENT SERVICES, LLC,   :
d/b/a HEALTHFIRST,                              :
                                                                     :
                                    Defendants       :
--------------------------------------------------------X

Defendant Healthfirst, Inc. ("HFI") (erroneously described in the caption as "Healthfirst, Inc. d/b/a Healthfirst"), by its attorneys Foley & Lardner LLP, for its answer to the fourth amended class action complaint:[1]

## PRELIMINARY STATEMENT OF ALLEGATIONS

1.      Denies the allegations in paragraph 1, except Healthfirst, Inc. ("HFI") is a not-for-profit corporation.

2.      Denies the allegations in paragraph 2, except HF Management Services, LLC ("HFMS") is a for-profit limited liability company and a management services organization that provides services to health maintenance organizations.

3.      Denies the allegations in paragraph 3, except, PHSP is a not-for-profit corporation that, *inter alia*, administers Medicaid, Child Health Plus and Family Health Plus plans.

4.      Denies the allegations in paragraph 4 and further states that paragraph 4 sets forth a conclusion of law as to which a response is not required.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, except states that HFI has not employed any marketing representatives since January 1, 2002.

---

[1] Plaintiffs define defendants collectively as "Healthfirst" in paragraph 4 of the complaint.  This answer responds to the allegations only as to Healthfirst, Inc. and, unless otherwise noted, that defendant denies knowledge or information as to all allegations regarding any other defendant.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Denies the allegations in paragraph 7.

8.      Denies the allegations in paragraph 8.

9.      Denies the allegations in paragraph 9.

10.     Denies the allegations in paragraph 10.

11.     Denies the allegations in paragraph 11.

12.     Denies the allegations in paragraph 12.

13.     Denies the allegations in paragraph 13.

## NATURE OF THE ACTION

14.     Denies the allegations in paragraph 14, except plaintiffs purport to bring this action to recover unpaid wages on behalf of themselves and allegedly similarly situated current and former HFMS marketing representatives under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and under New York Labor Law §§ 650 et seq. and New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.  HFI further denies that the maintenance of this action as a class action either under Section 216 of the FLSA or Rule 23 is appropriate.

15.     Denies the allegations in paragraph 15, except Willix purports to bring gender discrimination and retaliation claims on her own behalf under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1) et seq.

## JURISDICTION AND VENUE ALLEGATIONS

16.     Denies the allegations in paragraph 16, except states that to the extent it sets forth conclusions of law, a response is not required.

17.     Denies the allegations in paragraph 17 and further states that the FLSA does not provide for subject matter jurisdiction of this Court.

18.     Denies the allegations in paragraph 18.

19.     Denies the allegations in paragraph 19.

20.     Denies the allegations in paragraph 20, except states that to the extent it sets forth conclusions of law, a response is not required.

21.     Denies the allegations in paragraph 21, except states that to the extent it sets forth conclusions of law, a response is not required.

22.     Admits the allegations in paragraph 22.

23.     Denies the allegations in paragraph 23, except states that to the extent it sets forth conclusions of law, a response is not required.

24.     Denies the allegations in paragraph 24.

## THE PARTIES

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Denies the allegations in paragraph 26.

27.     Denies the allegations in paragraph 27.

28.     Denies the allegations in paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Denies the allegations in paragraph 30.

31.     Denies the allegations in paragraph 31.

32.     Denies the allegations in paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Denies the allegations in paragraph 34.

35.     Denies the allegations in paragraph 35.

36.     Denies the allegations in paragraph 36.

37.     Admits the allegations in paragraph 37.

38.     Admits the allegations in paragraph 38.

39.     Denies the allegations in paragraph 39, except HFMS is a New York limited liability company that has offices in New York City, Queens and Long Island.

40.     Admits the allegations in paragraph 40.

41.     Denies the allegations in paragraph 41 and further states that paragraph 41 sets forth a conclusion of law as to which a response is not required.

42.     Denies the allegations in paragraph 42, except PHSP is a New York not-for-profit corporation that has offices in New York City and Long Island.

43.     Admits the allegations in paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and further states that paragraph 44 sets forth a conclusion of law as to which a response is not required.

45.     Denies the allegations in paragraph 45.

46.     Denies the allegations in paragraph 46.

47.     Denies the allegations in paragraph 47, except states that to the extent it sets forth a conclusion of law, a response is not required.

48.     Denies the allegations in paragraph 48, except states that to the extent it sets forth a conclusion of law, a response is not required.

## COLLECTIVE ACTION ALLEGATIONS

49.     Denies the allegations in paragraph 49, except plaintiffs purport to bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for HFMS as marketing representatives who elect to opt into this action.

50.     Denies the allegations in paragraph 50.

## CLASS ACTION ALLEGATIONS

51.     Denies the allegations in paragraph 51, except plaintiffs purport to bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Healthfirst as marketing representatives between the filing date of this lawsuit and the date of judgment in this action."

52.     Denies the allegations in paragraph 52.

53.     Denies the allegations in paragraph 53.

54.     Denies the allegations in paragraph 54.

55.     Denies the allegations in paragraph 55.

56.     Denies the allegations in paragraph 56.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Denies the allegations in paragraph 58.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

59.     Denies the allegations in paragraph 59, except denies knowledge or information sufficient to form a belief as to the hours worked by plaintiff and Class Members after January 1, 2002, and for the period prior to January 1, 2002, Class Members that worked for HFI were exempt and therefore were not entitled to overtime wages when they worked in excess of 40 hours.

60.     Denies the allegations in paragraph 60.

61.     Denies the allegations in paragraph 61.

62.     Denies the allegations in paragraph 62.

63.     Denies the allegations in paragraph 63.

64.     Denies the allegations in paragraph 64.

65.     Denies the allegations in paragraph 65, except states that to the extent it sets forth a conclusion of law, a response is not required.

66.     Denies the allegations in paragraph 66.

67.     Denies the allegations in paragraph 67.

## PLAINTIFFS' WAGE AND HOUR ALLEGATIONS

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Denies the allegations in paragraph 71.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, except HFI did not pay Plaintiff's a commission and was not at any time any of the Plaintiffs' employer.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     Denies the allegations in paragraph 75 and further states that HFI was never any of the Plaintiffs' employer.

76.     Denies the allegations in paragraph 76 and further states that HFI was never any of the Plaintiffs' employer and, therefore, did not keep any records regarding Plaintiffs.

## PLAINTIFF'S GENDER DISCRIMINATION AND RETALIATION ALLEGATIONS

77.     Denies the allegations in paragraph 77.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, except denies that HFI was Willix's employer.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.     Denies the allegations in paragraph 81, and further states that HFI never employed Willix or Lott.

82.     Denies the allegations in paragraph 82.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

## FIRST CAUSE OF ACTION

84.     Incorporates by this reference its responses to the preceding paragraphs.

85.     Denies the allegations in paragraph 85.

86.     As to paragraph 86, states that upon information and belief, plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

87.     Denies the allegations in paragraph 87, except states that to the extent it sets forth a conclusion of law, a response is not required, and states Plaintiffs were never employees of HFI.

88.     Denies the allegations in paragraph 88.

89.     Denies the allegations in paragraph 89.

90.     Denies the allegations in paragraph 90, except states that to the extent it sets forth a conclusion of law, a response is not required.

91.     Denies the allegations in paragraph 91.

92.     Denies the allegations in paragraph 92.

93.    Denies the allegations in paragraph 93.

94.    Denies the allegations in paragraph 94.

95.    Denies the allegations in paragraph 95.

## SECOND CAUSE OF ACTION

96.    Incorporates by this reference its responses to the preceding paragraphs.

97.    Denies the allegations in paragraph 97, except states that to the extent it sets forth a conclusion of law, a response is not required, and states Plaintiffs were never employees of HFI.

98.    Denies the allegations in paragraph 98, except states that to the extent it sets forth a conclusion of law, a response is not required.

99.    Denies the allegations in paragraph 99.

100.    Denies the allegations in paragraph 100.

101.    Denies the allegations in paragraph 101.

## THIRD CAUSE OF ACTION

102.    Incorporates by this reference its responses to the preceding paragraphs.

103.    Denies the allegations in paragraph 103.

104.    Denies the allegations in paragraph 104.

105.    Denies the allegations in paragraph 105.

106.    Denies the allegations in paragraph 106.

**FIRST DEFENSE**

107.    The complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

108.    HFI has never employed any of the Plaintiffs and does not have any employees.

**THIRD DEFENSE**

109.    HFI acted in good faith at all times and as a result plaintiffs' claims for punitive damages, or for an extension of the statute of limitations under the FLSA, are barred.

**FOURTH DEFENSE**

110.    HFI did not owe any obligations and duties to Plaintiffs.

**FIFTH DEFENSE**

111.    PHSP, HFI and HFMS are not joint employers.

**SIXTH DEFENSE**

112.    Any harm that may be suffered by plaintiffs has not been caused by the conduct of HFI.

**SEVENTH DEFENSE**

113.    Plaintiffs' salary and duties meet all requirements for exemption as a bona fide outside sales worker pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541.500.

**EIGHTH DEFENSE**

114.    Plaintiffs' salary and duties meet all requirements for exemption as a bona fide administrative worker pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541.200.

**NINTH DEFENSE**

115.    Plaintiffs' salary and duties, as bona fide outside sales workers and bona fide administrative workers, meet all requirements for a combined exemption pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541.708.

**TENTH DEFENSE**

116.    Plaintiffs' claims are barred by the statute of limitations under the Portal-to-Portal Act, 29 U.S.C. § 225(a), because plaintiffs have failed to allege facts demonstrating that defendant's alleged conduct was willful.

**ELEVENTH DEFENSE**

117.    Even if plaintiffs could show a willful violation of the FLSA, plaintiffs' claims are barred by the statute of limitations under the Portal-to-Portal Act, 29 U.S.C. § 225(a) to the extent the claims accrued prior to March 17, 2004.

**TWELFTH DEFENSE**

118.    Plaintiffs' claims are barred by the *de minimus* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

**THIRTEENTH DEFENSE**

119.    Plaintiffs' prayer for liquidated damages is barred because plaintiffs have not sufficiently plead facts demonstrating they are entitled to such damages and defendant has at all times classified its workers in good faith and with a reasonable ground for believing it was in compliance with the FLSA pursuant to the Portal-to-Portal Act, 29 U.S.C. § 260.

**FOURTEENTH DEFENSE**

120.    One or more of the plaintiffs are not appropriate representatives of the class because one or more of the plaintiffs are not similarly situated to other workers, or to the class of persons performing the job of "Marketing Representative," whom they purport to represent.

**FIFTEENTH DEFENSE**

121.    Defendant acted in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

**SIXTEENTH DEFENSE**

122.    Plaintiffs' prayer for damages is barred, in whole or in part, because plaintiffs were salaried employees working in fluctuating work week and, as pled, would be entitled to, at most, half-time compensation in accordance with 29 C.F.R. § 778.114.

## SEVENTEENTH DEFENSE

123.    On information and belief, HFMS has a publicized discrimination policy and has an established complaint procedure by which employees may seek redress of any alleged discrimination.

124.    On information and belief, Plaintiff Willix unreasonably failed to use HFMS' complaint procedure to report any alleged discriminatory behavior.

125.    By reason thereof, plaintiff Willix is precluded from any recovery of damages arising from alleged discrimination.

## EIGHTEENTH DEFENSE

126.    On information and belief, Plaintiff Willix's employment was at-will, and, in any event, was terminated for cause.

## NINETEENTH DEFENSE

127.    Plaintiff Willix's discrimination claims are barred, in whole or in part, by the applicable statute of limitations.

## TWENTIETH DEFENSE

128.    Plaintiff Willix has failed to mitigate any alleged damages.

HFI reserves the right to assert additional affirmative and other defenses that may subsequently become or appear applicable to some or all of plaintiffs' claims.

WHEREFORE, defendant Healthfirst, Inc. respectfully requests that plaintiffs' fourth amended complaint be dismissed in its entirety and that it be awarded its costs and disbursements and such other relief as the Court may deem just and proper.


New York, New York
May 7, 2010

FOLEY & LARDNER LLP


      /s/ Seth L. Levine
Seth L. Levine (SL-8656)
90 Park Avenue
New York, New York  10016-1314
Telephone: 212.682.7474
Facsimile: 212.687.2329


-and-

Daniel A. Kaplan
FOLEY & LARDNER LLP
Verex Plaza
150 East Gilman Street
Madison, WI  53703
Telephone: 608.257.5035
Fax: 608.258.4258
*(admitted pro hac vice)*

*Attorneys for Defendants*
Healthfirst, Inc.