IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERTRUDE WILLIX, RAMESH SHAH, and VIKAS BHAT, individually and on behalf all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>HEALTHFIRST, INC., d/b/a HEALTHFIRST; HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST; and HEALTHFIRST PHSP, INC. d/b/a HEALTHFIRST<br>        Defendants. | No. 07 Civ. 1143 (ENV)(RER) |

**ORDER GRANTING
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
SETTLEMENT, APPROVAL OF
PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT, AND OTHER RELIEF**

The above-entitled matters came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Approval of Plaintiffs' Proposed Notice of Settlement, and Other Relief ("Motion for Preliminary Approval") (Docket No. 294).

I.   **Background and Procedural History**

1.   The parties' proposed settlement resolves all claims in *Willix, et al. v. Healthfirst, Inc.*, No. 07 Civ. 1143 (ENV)(RER).

2.   The Plaintiffs this case allege that Healthfirst, Inc., HF Management Services, LLP, and Healthfirst PHSP, Inc., acting as joint employers, failed to pay workers overtime compensation by misclassifying them as exempt employees under the Fair Labor Standards Act, 29 U.S.C. §§ 209 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff Gertrude Willix also brings claims under the New York City Human Rights Law alleging sexual

harassment by her supervisor while at Healthfirst.

3. On March 16, 2007, Plaintiff Gertrude Willix filed a collective action complaint under 29 U.S.C. § 216(b) in the U.S. District Court for the Eastern District of New York, asserting class and collective action wage and hour claims and individual sexual harassment and retaliation claims against Healthfirst, Inc. (Swartz Decl. ¶ 11.) Willix was a former "Marketing Representative" who worked for Healthfirst in and around East Flatbush, Brooklyn. (*Id.* at ¶ 12.) She alleged that she and similarly situated Marketing Representatives were misclassified as exempt employees under the FLSA, and she sought recovery of overtime wages, attorneys' fees and costs, and liquidated damages. (*Id.*) In its Answer, Healthfirst disputed these allegations and denied liability. (*Id.* at ¶ 11.) Healthfirst asserted, among other defenses, that Marketing Representatives were "exempt" from receiving overtime pay. (*Id.*)

4. Ms. Willix amended her complaint several times, adding additional named plaintiffs, adding HF Management Services and Healthfirst, PHSP as defendants, and alleging a joint employment relationship among the Healthfirst entities. (*Id.* at ¶¶ 13-16.)

5. In an Opinion and Order dated December 4, 2009, the Court granted Plaintiffs' Motion to Certify Class and Appoint Plaintiffs' Counsel as Class Counsel. (Docket Entry No. 174.) Nationwide notice of the case was mailed on January 21, 2010 to approximately 2,006 Marketing Representatives. (Swartz Decl. ¶ 18.) 562 individuals affirmatively opted in to the case, while 11 opted out. (*Id.*)

## II. Preliminary Approval of Settlement

6. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement

memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Declaration as Exhibit A.

7.  The Settlement Agreement creates a fund of $7,675,000 to settle the litigation. (Ex. A (Settlement Agreement) ¶ 3.1(A).) The Fund covers class members' awards, attorneys' fees and costs, administration fees and costs up to $35,000, and employee payroll taxes. (Id.) None of the Fund reverts to Defendant. (Id.)

8.  According to the allocation formula set forth in the Settlement Agreement, class members are allocated points based on the number of workweeks they were employed during the applicable limitations period and their job titles. (Ex. A (Settlement Agreement) ¶ 3.4(C).) The claims administrator then will divide the total number of points for each class member by the total number of points for all Class Members. (Id.) This will yield the percentage of the net settlement fund that each class member will receive. (Id.) The claims administrator then will multiply each class member's portion of the net settlement fund by the net settlement fund to determine the amount to be paid to each class member. (Id.) This is a commonly accepted method of allocating a settlement fund in a wage and hour case. *See, e.g., Torres v. Gristede's Operating Corp.*, No. 04-CV-3316 (PAC), 08-CV-8531 (PAC), 08-CV-9627 (PAC), 2010 WL 2572937, at *2 (S.D.N.Y. Jun. 1, 2010)

9.  The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998); *Torres*, 2010 WL 2572937, at *2. In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Clark v. Ecolab, Inc.*, No. 07 Civ. 8623 (PAC), No. 04 Civ. 4488 (PAC), No. 06 Civ. 5672

(PAC), 2010 WL 1948198, at *4 (S.D.N.Y. Nov. 17, 2009).

10. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object to or opt out of the settlement. *Torres*, 2010 WL 2572937, at *2. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input. *Id.*

11. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Torres*, 2010 WL 2572937, at *2; Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Torres*, 2010 WL 2572937, at *2; Newberg § 11.25.

12. The Court concludes that the proposed Settlement Agreement (including the allocation formula in the settlement agreement ("Allocation Formula")) is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *1 (E.D.N.Y. Jan. 20, 2010); *deMunecas v. Bold Food, LLC*, 09 Civ. 00440, 2010 WL 2399345, at *1 (S.D.N.Y. Apr. 19, 2010); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

13. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well versed in the prosecution and defense of wage and hour class and collective actions. The settlement represents a non-collusive agreement that reflects the considered judgment of experienced attorneys. *See Torres*, 2010 WL 2572937, at *2.

**III. Notice**

1. The Court approves the Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Proposed Notice"), attached to the Swartz Declaration as Exhibit B, and directs its distribution to the Class.

2. The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.

3. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).; *Clark v. Ecolab*, No. 07 Civ. 8623(PAC), 04 Civ. 4488(PAC), 06 Civ. 5672(PAC), 2009 WL 6615729, at *6 (S.D.N.Y. Nov. 27, 2009).

4. The Proposed Notice satisfies each of these requirements and adequately puts Rule 23 Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). *Khait*, 2010 WL 2025106, at *3. The Proposed Notice is appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and

place of the final approval hearing. *Id.*; *Clark*, 2009 WL 6615729, at *6.

5. The Proposed Notice also constitutes sufficient notice to FLSA Collective Action Members of the settlement of the collective action under 29 U.S.C. § 216(b). *Clark*, 2009 WL 6615729, at *6.

## IV. Class Action Settlement Procedure

6. The Court hereby adopts the following settlement approval process, which safeguards class members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *See* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq.*; *Damassia v. Duane Reade*, No. 04 Civ. 8819, No. 04 Civ. 2295, 2009 WL 5841128 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing):

   a. Defendant will provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, and Social Security numbers of all class members (the "Class List") within 7 days after retaining the Claims Administrator.

   b. The Claims Administrator will mail the Notice to all Class Members within 14 days of this Order.

   c. Rule 23 Class Members have 30 days after the date the Notices are mailed to submit a statement that they wish to opt out of the settlement, and/or object to the settlement.

   d. The Court will hold a final fairness hearing on _Friday, February 18, 2011_ at _10:00 a.m._ at the United States Courthouse for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, Courtroom _N2E_.

   e. No later than 10 days prior to the fairness hearing, Plaintiffs will file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and Service Payments.

   f. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

g.   The Claims Administrator will mail the settlement checks to all Class Members who have not opted out of the settlement 14 days after the time to appeal the Final Approval Order and Judgment for Dismissal has expired.

h.   The Court will retain jurisdiction over the interpretation and implementation of the settlement agreement.

i.   If a party appeals the Court's Final Order and Judgment, the Effective Date of Settlement shall be the day after all appeals are finally resolved.

The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 12 day of November, 2010.

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge

7