UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GERTRUDE WILLIX, RAMESH SHAH, and
VIKAS BHAT, individually and on behalf all
others similarly situated,                                            07-CV-01143 (RER)

                    Plaintiffs,                              ORDER DENYING MOTIONS
                                                                 TO AMEND OR ALTER JUDGMENT

              - against -

HEALTHFIRST, INC., d/b/a HEALTHFIRST;
HF MANAGEMENT SERVICES, LLC, d/b/a
HEALTHFIRST; and HEALTHFIRST PHSP,
INC. d/b/a HEALTHFIRST,

                    Defendants.
------------------------------------------------------------x

**RAMON E. REYES, JR., USMJ:**

       Before the Court are pro se submissions from class members Maritza Metral, Dilicia Gomez, Edwin Castro and Claudia Carrion (the "Objecting Class Members") objecting to the February 18, 2011 Order Granting Plaintiffs' Motions for Final Approval of the Class Action Settlement, Approval of the FLSA Settlement, Approval of Attorneys' Fees and Reimbursement of Expenses, and Class Representative Service Awards (the "Class Action Settlement"). (*See* Docket Nos. 315-319.) Final judgment was entered on March 1, 2011 ("Judgment"). (Docket No. 314.) The Court will treat the Objecting Class Members' submissions as motions to amend or alter the Judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (pro se litigant's filings must be construed "liberally" and "interpret[ed] [so as] to raise the strongest arguments that they suggest.")

1

The Objecting Class Members previously filed written objections to the Class Action Settlement (Docket No. 306-4, at Exhs. B-E),[1] but did not attend the February 18, 2011 Fairness Hearing to voice their objections in person (Docket No. 320).[2] The Objecting Class Members argue that their portions of the settlement are inadequate given their years of service with defendants, their pay, and the conditions under which they were forced to work. (Docket Nos. 315-319.) At the Fairness Hearing, the Court considered but overruled the Class Members' objections, finding them to be without merit. (Docket No. 320 at 3-8.) Overall, the Court ruled that the Class Action Settlement was procedurally fair in light of the history of the hotly-contested litigation and the arms-length mediation with Carol Wittenberg of JAMS. The Court also ruled that the Settlement was substantively fair after considering the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

While there are no formal guidelines, courts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interest of finality. *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). The rule also is not "a

---

[1] A total of ten objections were received, three of which were untimely. (*Id.* at ¶ 17.) The Objecting Class Members were among the seven whose objections were timely filed.

[2] Although the docket sheet incorrectly listed the date of the Fairness Hearing as February 28, 2011, the amended notice mailed to each of the potential class members correctly listed the date as February 18, 2011. (Docket No. 306-3 at 5.)

vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). The decision to grant a Rule 59(e) motion is within the sound discretion of the court.

Rule 60(b) specifies that courts may relieve parties from final judgments, orders, or proceedings for, among other things, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Rule 60(b) exists to strike "a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). While Rule 60(b) should be read broadly to do "substantial justice," final judgments should not be reopened casually. *Id.* Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." *Id.*

There is no basis to alter or amend the judgment pursuant to Rules 59(e) or 60(b). With one exception, the Objecting Class Members point to no manifest injustice, errors of law or fact, new evidence, or intervening change in controlling law that would warrant undoing the Settlement.[3] Similarly, and again with one exception, they do not cite to any mistake, inadvertence, surprise, excusable neglect, fraud,[4] or "any other reason justifying relief from the

---

[3] Without any evidentiary support, the Objecting Class Members argue that the settlement formula is flawed because it was based on a list of 2,025 potential class members, when they claim only 150 class members exist. (Docket No. 315 at 1.) Such an unsupported allegation cannot be credited, especially in light of the fact that the Objecting Class Members have not shown how they have personal knowledge of who, or how many potential class members, defendants employed.

[4] The Objecting Class Members allude to some sort of fraud based on the 33.3% attorneys' fee awarded to Outten & Golden LLP. (Docket No. 317 at 1.) The Objecting Class

operation of the judgment." Rather, the Objecting Class Members are simply unhappy with the amount of their settlement checks, believing them to be insufficient. While such feelings are certainly genuine, they do not provide a basis upon which to amend the judgment. A class member's disappointment with her allotted share of a settlement is not a sufficient reason, in and of itself, to undo a class action settlement. The Objecting Class Members ignore that class action settlements are almost always less than a party would be entitled to receive after a jury verdict in their favor. Class action settlements take into account a lot of factors, including the risk of establishing liability, or not prevailing on damages, which as discussed at the Fairness Hearing was substantial. (Docket No. 320 at 5-6.) The Objecting Class Members fail to recognize these and the other risks inherent in litigation, or factor them into the determination of whether the settlement amounts they received were fair and reasonable. The Objecting Class Members have not otherwise shown that the Settlement is either procedurally or substantively unfair, and therefore the Judgment will not be amended or altered.

Accordingly, the Objecting Class Members' motions are denied.

**SO ORDERED**

**Dated: Brooklyn, New York**
   **May 20, 2011**

                    /s/
                **Ramon E. Reyes, Jr.**
                **United States Magistrate Judge**

---

Members overlook that the fee award is entirely consistent with fees awarded in other similar cases. (Docket No. 312 at ¶¶ 30-35.) Nevertheless, and regardless of what occurred in other cases, the fee was appropriate in this case. (Docket No. 320 at 14-21.)